Judge Underwood,
delivered the opinion of the court.
Pheljcs brought an action of debt against Gordon. The latter pleaded in abatement, that the former was a nonresident, and that be had failed to execute a bond for the costs as required by law. But the plea was not verified by affidavit. Phelps replied, admitting his nonresidence, hut aver-ed that he had executed a bond for costs with surety who was resident, with the approbation of the court, since the institution of the suit, and during the term the plea was filed. To this replication, the plaintiff in error filed a demurrer, which was joined, and thereupon, the court rendered a judgment for the debt sued for, overruling .the demurrer to the replication.
The court clearly erred. It has only been at° tempted to sustain the proceedings of the court, upon the ground, that the pica was a nullity, because it was not verified by affidavit. By filing a replication, admitting the truth of the plea, and relying on matter in avoidance, we think the defendant in error waived the necessity of verifying the plea by oath. Pleas impeaching the consideration of a note oí bond should be sworn to, but if they are not, and the plaintiff in the action demurs, or takes issue upon them without objection to the plea for want of oath, and goes fo trial, it is too late then to require an affidavit. See Patrick vs. Conrad, II Marshall, 43. We see no reason why the same doctrine should not apply with equal force to the ple¡a in abatement. It is altogether extrinsic, when an issue of fact or law is formed1' to enquire into any other matter. Here the question of law upon the demurrer, and facts admitted by it, was, whether the defendant in error had complied with the statute, in executing a bond for costs. It was clear that he had not, and therefore,- the' court should have given judgment quashing the writ.
Morehead, for appellant; Mills Brovin, for ap-pellee.
Judgment reversed with costs, and cause remanded for proceedings in conformity hereto.